IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MESA GRANDE DEVELOPMENT, LLC,
ELIZABETH GALLEGOS, FRANK
GALLEGOS, DAVID JONES, Members,

      Plaintiffs,

v.                                                  No. CIV 09-647 BB/ACT

SAN MIGUEL COUNTY, BOARD OF
COUNTY COMMISSIONERS OF SAN
MIGUEL COUNTY, COUNTY MANAGER
LES MONTOYA, COUNTY PUBLIC
WORKS DIRECTOR HAROLD GARCIA,
and UNKNOWN COUNTY EMPLOYEES
1-10,

      Defendants.


MEMORANDUM OPINION
IN SUPPORT OF ORDER DISMISSING
STATE AND FEDERAL TAKINGS CLAIMS


THIS MATTER is before the Court on Defendants' Motion to Dismiss and for Summary Judgment [doc. 33]. The Court having fully studied all submissions of counsel, finds the motion to dismiss should be granted for a lack of ripeness and therefore lack of jurisdiction.

*Discussion*

*Facts*

Plaintiffs' created a subdivision in San Miguel County, New Mexico. On the approved plat of the subdivision, a 5.55 acre tract is designated as the "Commons Area." The original purpose of this Commons Area is in some dispute, but it was to basically hold either excess storm water or liquid waste.

In early 2009, San Miguel County excavated a portion of the Commons Area to improve area drainage. Plaintiffs allege that this was done without their consent, which Defendants dispute. Shortly thereafter, Plaintiffs filed this suit alleging that the excavation of the Commons Area constitutes a taking of property. Plaintiffs contend that they are entitled to damages in the amount of $975,000 based on the hypothetical possibility that Plaintiffs might someday be able to obtain approval to subdivide and sell lots from within the Commons Area.

*Legal Claims*

In their complaint, Plaintiffs advanced three claims for relief. In the First Claim, Plaintiffs allege a taking under the Fifth Amendment and under Article 2, Section 20 of the New Mexico Constitution. In the Second Claim for Relief, Plaintiffs make similar takings claims and a claim under New Mexico's inverse condemnation statute, § 42A-1-29 NMSA (1978 Comp.). In their Third Claim, Plaintiffs allege that the

excavation violated substantive Due Process and Article 2, Section 18 of the New Mexico Constitution.

*Standard of Review*

The Court's function on a Rule 12(b) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Sutton v. Utah State School for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). A claim is subject to dismissal under FEDERAL RULE OF CIVIL PROCEDURE 12(b) when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Poole v. County of Otero*, 271 F.3d 955, 957 (10th Cir. 2001), or when an issue of law is dispositive of the claim. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Thus, dismissal of a claim is appropriate when a plaintiff cannot assert legitimately jurisdiction. *See Gregory v. United States Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Alonzo v. Chase Manhattan Bank*, 25 F. Supp. 2d 455 (S.D.N.Y. 1998).

*Ripeness*

Plaintiffs allege Defendants specifically admitted subject matter jurisdiction in their answer and "also failed to allege affirmative defenses that challenged the ripeness of claims." (Pls.' Resp. Opp. at 4). In this context, however, ripeness is a prerequisite

excavation violated substantive Due Process and Article 2, Section 18 of the New Mexico Constitution.

*Standard of Review*

The Court's function on a Rule 12(b) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Sutton v. Utah State School for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). A claim is subject to dismissal under FEDERAL RULE OF CIVIL PROCEDURE 12(b) when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Poole v. County of Otero*, 271 F.3d 955, 957 (10th Cir. 2001), or when an issue of law is dispositive of the claim. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Thus, dismissal of a claim is appropriate when a plaintiff cannot assert legitimately jurisdiction. *See Gregory v. United States Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Alonzo v. Chase Manhattan Bank*, 25 F. Supp. 2d 455 (S.D.N.Y. 1998).

*Ripeness*

Plaintiffs allege Defendants specifically admitted subject matter jurisdiction in their answer and "also failed to allege affirmative defenses that challenged the ripeness of claims." (Pls.' Resp. Opp. at 4). In this context, however, ripeness is a prerequisite

to the exercise of federal jurisdiction. *SK Finance SA v. La Plata County Bd. of County Comm.*, 126 F.3d 1272, 1275 – 76 (10th Cir. 1997); *Yaklich v. Grand County*, 278 Fed. Appx. 797, 804 * 5 (10th Cir. 2008). Nor may subject matter jurisdiction be waived or acquired by consent of the parties. *Prier v. Steed*, 456 F.3d 1209, 1214 (10th Cir. 2006); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A federal court should therefore consider and determine its own jurisdiction even if both parties wish it to proceed. *In re C & M Prop., LLC,* 563 F.3d 1156, 1160 (10th Cir. 2009). Because ripeness implicates subject matter jurisdiction, it is a question of law for the court. *Herrington v. Sonoma County* , 834 F.2d 1488, 1494 (9th Cir. 1987).

"Plaintiffs concede that they have not sought or invoked the remedies afforded in the inverse condemnation statute." (Pls.' Resp. at 6). Whether an unconstitutionally improper taking of private property occurred cannot be determined until both the taking and any compensation have been legally evaluated. *B. Willis, CPA, Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1299 (10th Cir. 2008). Takings claims therefore are not ripe until all adequate state remedies have been pursued. *Id*; *see also Williamson County Regional Planning Comm. v. Hamilton Bank*, 473 U.S. 172, 185 – 87 (1985). A land owner must therefore seek compensation from the local government before claiming such state remedies violate due process as applied. *Peters v. Fair*, 427 F.3d 1035, 1037 (6th Cir. 2005); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83 (2d Cir. 2002);*Yaklich v. Grand County*, 278 Fed. Appx. at 806 * 9.

**Plaintiffs argue, however, the ripeness rules do not apply because this case does not involve a regulatory takings but rather "the actual physical taking of Plaintiffs' property." (Pls.' Resp. at 5). While the Tenth Circuit has not squarely addressed the issue when an actual, as opposed to a regulatory, taking is at issue, the other circuits have found this fact to make no difference. The First, Second, Sixth, Seventh, and Ninth Circuits have applied the prerequisite of a state compensation remedies requirement to physical takings claims.  *Severance v. Patterson*, 566 F.3d 490, 497 (5th Cir. 2009); *Peters v. Village of Clifton*, 498 F.3d 727, 733 (7th Cir. 2007) (similar facts involving construction of a sewer system); *Pascoag Reservoir& Dam, LLC v. Rhode Island*, 337 F.3d 87, 91 (1st Cir. 2003); *Daniel v. County of Santa Barbara*, 288 F.3d 375, 382 (9th Cir. 2002); *Arnett v. Myers*, 281 F.3d 552, 563 (6th Cir. 2002); *McKenzie v. City of White Hall,* 112 F.3d 313, 317 (8th Cir. 1997); *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 380 (2d Cir. 1995); *cf Chainey v. Street*, 523 F.3d 200, 223 (3d Cir. 2008) (when City refused to rebuild and repair houses after police bombing claims not ripe until state remedies exhausted). This Court therefore thinks it most likely the Tenth Circuit will adopt this position[1] and Plaintiffs claim must therefore be rejected.**

---

[1] Other district judges in this circuit have likewise predicted the 10th circuit court will adopt this rule to physical takings.  *King v. City of Seminole*, 2009 WL 3054637 * 2 (E.D. Okla. 2009); *but see Swartz v. Beach*, 229 F. Supp. 2d 1239, 1263 – 64 (D. Wyo. 2002).

5

*State Claims*

Plaintiffs also seek a jury trial based on claims under the New Mexico Constitution, Article II, Section 20 and inverse condemnation. NMSA 1978 § 42A-1-29. Since the Court has found it lacks jurisdiction to decide Plaintiffs' claims of violations of the United States Constitution, it will decline to exercise supplemental pendent jurisdiction. 28 U.S.C. § 1367(c)(3); *McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir. 2006); *Bauchman for Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997).

## CONCLUSION

This Court lacks jurisdiction over Plaintiffs' claims and they will be dismissed without prejudice.

_____
**BRUCE D. BLACK**
**United States District Judge**